UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODORE SWEENEY,<br>Plaintiff<br><br>v.<br><br>FRED DUBIEL,<br>in his individual capacity,<br>and the CITY OF SALEM,<br>Defendants | 04 10447 GAO<br><br>MAGISTRATE JUDGE Bowler<br><br>CIVIL ACTION NO.<br><br>RECEIPT # 54320<br>AMOUNT $ 150 —<br>SUMMONS ISSUED 2<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK.<br>DATE 3-5-04 |

**COMPLAINT**

## INTRODUCTION

1. This is an action for money damages brought against Salem police officer Fred Dubiel and the City of Salem, for violations of the plaintiff's constitutional rights along with state tort claims of negligence and assault and battery.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth, and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. §§1331 and 1343 provides federal-question jurisdiction, and 28 U.S.C. §1367 provides supplemental jurisdiction over the state law claims.

## PARTIES

3. Plaintiff Theodore Sweeney was at all times material to this complaint a resident of the Commonwealth of Massachusetts.

4. Defendant Fred Dubiel was at all times material to this complaint a police officer in the City of Salem. His actions alleged in this complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Salem. He is sued in his individual capacity.

5. Defendant City of Salem is a Massachusetts municipal corporation located in Essex County, Commonwealth of Massachusetts, and was at all times relevant to the allegations of this Complaint, the public employer of defendant Fred Dubiel.

## FACTS

6. On April 14, 2002, at approximately 1:35 a.m., plaintiff, Theodore Sweeney was at Teddy D's Roast Beef, in Salem, Massachusetts, waiting for sandwiches for himself, his brother and his brother's girlfriend.

7. Salem police officers, including Officer Dubiel, arrived on the scene. They arrested the plaintiff for disorderly conduct and took him to the Salem police station.

8. At the police station, Officer Dubiel asked Mr. Sweeney to remove his wallet, a gold chain, his belt and his shoes.

9. Mr. Sweeney was upset and as he took off his second shoe, he threw it to the floor in front of himself.

10. Officer Dubiel quickly moved toward Mr. Sweeney. He slammed him face-down on the floor. He sat on top of Mr. Sweeney, pinning his arms to the ground. Officer Dubiel then stated something to the effect of, "You want to be a tough guy now?" and proceeded to punch Mr. Sweeney's face with his fists multiple times.

11. When Officer Dubiel finally pulled Mr. Sweeney off the ground, he had difficulty standing. He was bleeding from his nose, mouth and right ear. Despite his obvious injuries, Officer Dubiel proceeded to place Mr. Sweeney in a cell alone for several hours. He was not offered or provided any medical care.

12. Mr. Sweeney was released from the police station the next morning.

13. Officer Dubiel's application of force to Mr. Sweeney's jaw caused a fracture of his jaw. The fracture was very near a nerve, causing it to be a painful and debilitating injury. Mr. Sweeney has undergone four surgeries to date to repair the damage. He suffered infections to the fracture site. Mr. Sweeney also suffered a sprained wrist and scrapes and bruises on his face and body.

14. After Mr. Sweeney's first surgery, his jaw was wired shut for one month by wiring his teeth together. Mr. Sweeney had to subsist on a liquid diet. He was required to keep wire cutters with him at all times in case of emergency. The wire cutters had to be utilized on two occasions. The first time, Mr. Sweeney was crying so hard upon learning of his grandfather's death that he began to choke. The second time, he had begun to choke on his own vomit.

15. Mr. Sweeney missed over a month of work due to his fractured jaw and the ensuing treatment.

16. As a result of this incident plaintiff endured physical pain and emotional suffering during and after the incident.

17. Mr. Sweeney is still under medical care to treat his fractured jaw. It appears that the nerve damage is permanent. When his treatment finally concludes, he may require plastic surgery. He has incurred medical bills of over $20,000.

## COUNT ONE: 42 U.S.C. § 1983 AGAINST DEFENDANT FRED DUBIEL

18. The above paragraphs are incorporated by reference.

19. There was no need for defendant Dubiel to slam the plaintiff to the ground face-down nor to punch him repeatedly in the face.

20. There was no need to apply the amount of force the defendant Dubiel placed on the plaintiff's jaw.

21. Defendant Fred Dubiel used unreasonable force on plaintiff.

22. By the actions described above, defendant Fred Dubiel deprived the plaintiff of the clearly established and well-settled right to be free from the use of unreasonable force.

23. Defendant Fred Dubiel deprived plaintiff of a clearly established and well-settled constitutional right.

24. Defendant Fred Dubiel acted with reckless disregard for plaintiff's constitutional rights.

25. As a direct and proximate result of this conduct, plaintiff suffered the injuries described above.

### COUNT TWO: MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C.12, §11I AGAINST DEFENDANT FRED DUBIEL

26. The above paragraphs are incorporated by reference.

27. Defendant Fred Dubiel violated the plaintiff's rights by threats, intimidation and coercion.

28. As a direct and proximate result the plaintiff received the injuries as stated above, and suffered great pain and anguish of mind and body.

### COUNT THREE: TORT OF ASSAULT & BATTERY AGAINST DEFENDANT FRED DUBIEL

29. The above paragraphs are incorporated by reference.

30. Defendant Fred Dubiel committed the common law tort of assault and battery against the plaintiff.

31. As a direct and proximate result the plaintiff received the injuries as stated above, and suffered great pain and anguish of mind and body.

### COUNT FOUR: NEGLIGENCE AGAINST THE CITY OF SALEM

32. The above paragraphs are incorporated by reference.

33. On August 12, 2003, a notice pursuant to M.G.L. c.258, §4 was forwarded to the Mayor of the City of Salem.

34. Plaintiff properly performed the conditions precedent to filing an action under M.G.L. 258.

35. The City of Salem failed to respond to plaintiff's demand.

36. Defendant Fred Dubiel was acting within the scope of his employment at all times alleged in this complaint.

37. The conduct of defendant Fred Dubiel was negligent.

38. Employees of the City of Salem were negligent in failing to:

   a. properly and adequately supervise defendant Fred Dubiel;

   b. protect the plaintiff of the use of force by defendant Fred Dubiel;

   c. properly train and instruct defendant Fred Dubiel in the use of force;

   d. properly train Salem police officers in the use of force;

   e. properly discipline police officers thereby permitting and encouraging acts of misconduct against civilians; and

   f. failing to provide medical attention to the plaintiff.

39. As a proximate cause of the negligence, plaintiff Theodore Sweeney suffered damages as described above.

WHEREFORE, the plaintiff requests that this Honorable Court:

1. Award compensatory damages;

2. Award punitive damages against defendant Fred Dubiel;

3. Award the costs of this action, including reasonable attorney's fees to the plaintiff; and

4. Award such other and further relief as this Court may deem necessary and appropriate.

## JURY DEMAND

A jury trial is hereby demanded.

RESPECTFULLY SUBMITTED,

Howard Friedman
BBO# 180080
Myong J. Joun
BBO# 645099
J. Lizette Richards
BBO# 649413
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, Fifth Floor
Boston, MA 02114-2022
(617) 742-4100

Date: 3/3/04