UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 04-10447-GAO

THEODORE SWEENEY,

    Plaintiff

v.

FRED DUBIEL, in His Individual Capacity, and
the CITY OF SALEM,

    Defendants

ANSWER OF DEFENDANTS

## INTRODUCTION

1. To the extent the allegations set forth in the "Introduction" section of the Complaint require a response, the same are denied.

## JURISDICTION

2. The allegations set forth in Paragraph 2 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

## PARTIES

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3.

4. The defendants admit the allegations set forth in the first sentence of Paragraph 4. The allegations set forth in the second sentence of said paragraph comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require

a response, the same are admitted. The defendants deny the existence of a basis for suit against defendant Dubiel in his individual capacity.

5. Admitted.

## FACTS

6. Denied.

7. Admitted. Further answering, the defendants state that the location of plaintiff's arrest was "Big Fred's."

8. Admitted.

9. Admitted. Further answering, the defendants state that plaintiff thereafter failed to obey an order to place his shoes on a counter at the booking clerk and instead threw his shoes at defendant Dubiel.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14.

15. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

16. Denied.

17. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17.

## COUNT ONE
(42 U.S.C., § 1983 Against Defendant Fred Dubiel)

18. The defendants restate and incorporate by reference their responses to Paragraphs 1-17.

19. The defendants deny that defendant Dubiel committed the acts attributed to him in Paragraph 19.

20. The defendants deny that defendant Dubiel committed the acts attributed to him in Paragraph 20.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT TWO
(Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I Against Defendant Fred Dubiel)

26. The defendants restate and incorporate by reference their responses to Paragraphs 1-25.

27. Denied.

28. Denied.

## COUNT THREE
(Tort of Assault and Battery Against Defendant Fred Dubiel)

29. The defendants restate and incorporate by reference their responses to Paragraphs 1-28.

30. Denied.

31. Denied.

## COUNT FOUR
(Negligence Against the City of Salem)

32. The defendants restate and incorporate by reference their responses to Paragraphs 1-31.

33. The defendants admit receipt of a letter from plaintiff's counsel by the Mayor of the City of Salem. The remaining allegations set forth in said paragraph comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

34. The allegations set forth in Paragraph 34 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are denied.

35. Admitted.

36. The allegations set forth in Paragraph 36 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are admitted.

37. Denied.

38. Denied.

39. Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

4

## SECOND DEFENSE

Plaintiff's claims are barred by failure to comply with the applicable statute of limitations.

## THIRD DEFENSE

Plaintiff has failed to allege conduct comprising threats, intimidation and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

## FOURTH DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted because he has failed to allege that the defendants deprived him of any constitutional right.

## FIFTH DEFENSE

The claims arising out of the subject matter of the occurrences alleged are barred as the defendants were carrying out law enforcement functions in good faith.

## SIXTH DEFENSE

Defendants deny all of plaintiff's allegations of wrongful conduct and state that they were at all relevant times a public employer or public employee acting within the scope of their employment in good faith and in the reasonable belief that their actions were lawful.

## SEVENTH DEFENSE

The actions and conduct of the individual defendant, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which he was aware, and he enjoys qualified immunity from suit and liability.

### FIFTEENTH DEFENSE

The plaintiff is precluded from any recovery as the negligence of the plaintiff was greater than the alleged negligence of the defendants and the plaintiff cannot recover pursuant to G.L. c. 231, §85.

### SIXTEENTH DEFENSE

If the defendants were negligent, which is denied, and the negligence of the defendants exceeded the negligence of the plaintiff, which is denied, then the damages assessable against the defendants should be reduced by the percentage of negligence attributable to plaintiff.

### SEVENTEENTH DEFENSE

Plaintiff's negligence claim against the individual defendant is barred pursuant to G.L. c. 258, § 2.

### EIGHTEENTH DEFENSE

Any injury or damage suffered by the plaintiff, to the extent actually incurred, were caused by reason of plaintiff's own wrongful acts, reckless misconduct or negligence.

### NINETEENTH DEFENSE

The Complaint fails to state a cause of action for which relief can be granted against City of Salem in that it states no personal involvement, specific regulation or official policy or knowledge by said defendant of the alleged wrongdoing or of any pattern of wrongful behavior.

### TWENTIETH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS,

By their attorney,

*[signature]*
Joseph L. Tehan, Jr. (BBO # 494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

218388/METG/0550

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 5/3/04

*[signature]*